# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JAMES J. JIMMERSON, BAR NO. 264.

No. 83255

FILED

JAN 28 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF PUBLIC REPRIMAND*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to publicly reprimand James J. Jimmerson for violating RPC 1.15 (safekeeping property) by making five transfers from his trust account to his business account and a personal account. Jimmerson made three of the transfers before clients paid bills for earned fees, one transfer from a client's retainer before earning the fee, but with that client's permission, and one transfer through a clerical error.

The State Bar does not contest the panel's conclusions as to Jimmerson's violation of RPC 1.15, his mental state, or potential injury to clients, but it argues that the recommended discipline is too lenient. In that regard, the State Bar asserts that two of the mitigating factors found by the panel (absence of dishonest or selfish motive and personal or emotional problems) are not supported and that, regardless of the other mitigating factors, discipline short of a suspension is not proper in a case involving misappropriation of client funds. Jimmerson does not contest the RPC 1.15 violation but asserts that the weight of mitigating circumstances, his mental state, and the level of harm, which all factor into a discipline determination, support the panel's recommendation.

22-02931

As to the RPC 1.15 violation, we conclude that clear and convincing evidence supports the panel's findings. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995) (recognizing the State Bar's burden of proof in a disciplinary matter). As to the discipline, Jimmerson violated a duty owed to his clients (safekeeping client funds), and the record supports the panel's conclusion that he should have known not to make four of the transfers, given that he acknowledged that he did not verify whether his clients had actually paid their bills before making three of the transfers and that he made the fourth transfer before earning the fee, albeit with the client's permission. The record likewise supports that Jimmerson made a clerical error and thus acted negligently as to the fifth transaction. The panel found and the record supports that no actual injury occurred but the transfers from the trust account had the potential to injure clients.[1]

Suspension generally applies as a baseline sanction for Jimmerson's misconduct. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer should know that he is dealing improperly with client property and causes potential injury to clients). But based on the evidence supporting the weight of mitigating circumstances (free and full disclosure to the disciplinary authority and cooperative attitude in the proceedings; personal

---

[1]The record supports the panel's finding that potential injury was remote here because (1) the clients subsequently paid their bills, some within days of Jimmerson's withdrawals from his trust account, (2) he earned the retainer fee that the client consented to Jimmerson using shortly after he withdrew it from his trust account, and (3) he immediately corrected the clerical-error transfer upon discovering it.

or emotional problems[2]; remorse; timely good faith effort to rectify the consequences of the misconduct; and the remoteness of Jimmerson's prior discipline offense, which occurred in 1994) compared to the two aggravating circumstances (substantial experience in the practice of law and prior disciplinary offense), we conclude that a public reprimand is sufficient.[3] SCR 105(3)(b) (providing that a de novo standard of review applies to legal conclusions and recommended discipline and a deferential standard applies to findings of fact); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (observing that the hearing panel's disciplinary

---

[2]Contrary to the State Bar's argument, the testimony supports the panel's finding that personal or emotional problems apply as a mitigating factor here.

[3]We need not address the State Bar's argument regarding the panel's finding that Jimmerson's misconduct was additionally mitigated by absence of a selfish motive because under these circumstances, we conclude that even without that mitigating factor, the panel appropriately found that the circumstances here weigh in favor of a public reprimand, which sufficiently serves the purpose of attorney discipline. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (stating that the purpose of attorney discipline is to protect the public, the courts, and the legal system).

Also, to the extent the State Bar argues that suspension should apply as a hard and fast minimum threshold discipline for any violation that fits under Standard 4.12, we decline to adopt such a rule. The Standards and our caselaw support that discipline is partly determined by considering the extent of potential or actual harm caused by the misconduct and circumstances that may mitigate or aggravate it. *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008); Standards for Imposing Lawyer Sanctions, Standard 3.0 (listing factors to be considered, including the potential or actual injury and the existence of aggravating or mitigating factors); Standard 4.1 (stating that the recommended levels of discipline are "generally appropriate in cases involving the failure to preserve client property" and apply "[a]bsent aggravating or mitigating circumstances, upon application of the factors set out in 3.0").

recommendation is persuasive); *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (setting forth the four factors used in determining whether the panel's recommended discipline is appropriate: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors").

Accordingly, we hereby publicly reprimand attorney James J. Jimmerson for violating RPC 1.15. Additionally, Jimmerson shall pay the costs of the disciplinary proceedings, including $1,500 under SCR 120(3) within 30 days from the date of this order if he has not already done so. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                            Herndon


cc:     Chair, Southern Nevada Disciplinary Board
        Bailey Kennedy
        Bar Counsel, State Bar of Nevada
        Executive Director, State Bar of Nevada